### HARRIS v. TAYLOR et al.

(Supreme Court, Appellate Division, First Department. November 19, 1897.)

MORTGAGES—FORECLOSURE—APPLICATION OF RENTS.

In an action to foreclose a mortgage, an order was entered appointing a receiver of the rents, and directing him, after certain disbursements, to pay over the rents to plaintiff, to apply on her mortgage. There were several prior mortgages on the premises,—one of them held by appellant, L., who also held an assignment of the rent, up to $200 a month. Upon appeal from a denial of L.'s motion to vacate or modify the order, held, that it should be modified by striking out the provision requiring the receiver to pay over the rents to the plaintiff.

Appeal from special term.

Action by Mary Harris against Charles H. Taylor and others. From an order denying a motion to vacate or modify an order appointing a receiver of the rents, and directing him to pay such rents to the plaintiff, defendant William C. Lester appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

J. B. Hands, for appellant.
W. H. Harris, for respondent.

PER CURIAM. This action was brought to foreclose a mortgage on real property on which there were several prior mortgages. The appellant was a mortgagee, and also held an assignment of the rent of the mortgaged premises, to the extent of $200 a month. An order was made appointing a receiver of the rents in this action, and the receiver was directed, after making certain disbursements, to pay over such rents to the plaintiff, to apply upon her mortgage. A motion was made to vacate or modify this order by striking out the provision directing the receiver to pay over the rents to the plaintiff. This motion was denied, and from such denial the present appeal is taken.

We think that the court should have granted the motion, so far as to direct the receiver to retain the rents. The plaintiff in this action was entitled to the rents only in case there was a deficiency upon the sale of the premises. If the premises realized sufficient to pay the mortgage, then the rents belonged either to the owner of the equity of redemption, or to his assignee. The order appealed from should therefore be reversed, and the order appointing the receiver modified by striking out the provision requiring him to pay over the rents to the respondent, without costs.